IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONAL PORK PRODUCERS COUNCIL,
WISCONSIN PORK ASSOCIATION and
DAIRY BUSINESS ASSOCIATION, INC.,

                                                                                                     ORDER

                Plaintiffs,

                                                                                             09-cv-73-slc[1]

    v.

LISA P. JACKSON, Administrator,
Environmental Protection Agency,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The parties in this case seem intent on insuring that the other side does not have the last word. After defendant moved to dismiss the case or transfer it to the Court of Appeals for the District of Columbia, dkt. # 13, plaintiffs filed their own motion for summary judgment on the merits. Dkt. #21. (The court stayed briefing on plaintiffs' motion until defendant's motion was resolved.) In her reply brief in support of her motion to dismiss, defendant raised for the first time an argument that this court lacks subject matter

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current disputes.

1

jurisdiction over count 1 of the complaint. Plaintiffs filed a motion to for leave to file a surreply brief to respond to the new argument, which the magistrate judge denied. Instead, he set a new briefing schedule on the jurisdictional question. Defendant has filed a brief in support of her motion to dismiss count 1 and plaintiffs have filed a brief in opposition.

On the same day they filed their opposition brief, plaintiffs filed an amended complaint. Because defendant filed a motion to dismiss in lieu of an answer, plaintiffs did not need leave of court to file an amended complaint. Fed. R. Civ. P. 15(a)(1)(A); Duda v. Franklin Park Public School Dist., 84, 133 F.3d 1054 (7th Cir. 1998). They do not explain why they filed an amended complaint and they do not rely on any new allegations in it to support their argument that defendant's motions should be denied. However, the amended complaint is not identical to the original one; it includes several paragraphs of new allegations. Generally, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Because plaintiffs' amended complaint is now the operative pleading, the motion to dismiss plaintiffs' original complaint is now moot. This means that defendant must renew her motion to dismiss before I may consider it.

Defendant's deadline for filing a reply in support of her motion to dismiss count I of the complaint is May 5. By that date, defendant should file a renewed motion to dismiss. If she wishes to stand on her original briefs, she may acknowledge that in her motion and

2

simply file a reply brief. However, if she wishes to raise any new arguments, she must file a new brief in chief. In that case, I will set a new briefing schedule.

ORDER

IT IS ORDERED that defendant Lisa Jackson's motions to dismiss, dkt. ## 13 and 38, are DENIED as moot in light of plaintiffs' amended complaint. Defendant may have until May 5, 2009 to file a renewed motion to dismiss in accordance with this order.

Entered this 1st day of May, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge