IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONAL PORK PRODUCERS COUNCIL,
WISCONSIN PORK ASSOCIATION,
DAIRY BUSINESS ASSOCIATION, INC.,
BABCOCK GENETICS, INC. and
MAIZE-N-BACON, INC.,

OPINION and ORDER

               Plaintiffs,

09-cv-73-slc[1]

    v.

LISA P. JACKSON, Administrator,
Environmental Protection Agency,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is a bit of a procedural mess, involving multiple courts and an ever-changing scope of issues and parties. The question now before the court is whether this court or the Court of Appeals for the District of Columbia Circuit is the proper arbiter of the dispute.

The origins of the case lie in amendments that the Environmental Protection Agency enacted in December 2008 to regulations governing the requirements imposed on farms for

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current disputes.

reporting the presence of "hazardous substances" or "hazardous chemicals" as defined by federal law.   With respect to reporting requirements under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601-75, the EPA created an exemption for all "[r]eleases to the air of any hazardous substance from animal waste at farms."  40 C.F.R. § 302.6(e)(3); see also 73 Fed. Reg. 76,959.  With respect to the requirements under the Emergency Planning and Community Right to Know Act, 42 U.S.C. §§ 11001-50, the EPA created a similar exemption for animal waste, but limited it to farms below a certain size.  40 C.F.R. § 355.31(g); see also 73 Fed. Reg. 76,960.

In January 2009, the Waterkeepers Alliance, the Sierra Club, the Humane Society and several other groups filed a petition in the Court of Appeals for the District of Columbia Circuit, No. 09-1017, asking the court to invalidate the new rules on the ground that they are "arbitrary, capricious or otherwise contrary to law."  Dkt. #14-3.  (Presumably, those organizations are challenging the rules because they believe the exemptions are too broad.) Soon after, plaintiff National Pork Producers Council filed its own petition, challenging the "EPCRA portion" of the amendments.  Dkt. #14-5.  (The council's view is the opposite of the other groups; it believes the exemption for EPCRA reporting is not broad enough.)  The court of appeals consolidated the council's petition with case no. 09-1017.  Dkt. #14-4.

On February 6, 2009, the council and plaintiff Wisconsin Pork Association filed a complaint in this court, addressing the same issues they raised in their petition before the

court of appeals.  The complaint included four counts, three of which challenged the validity of the rule that excluded large farms from the reporting exemption under EPCRA (Counts II-IV).  Count I was not a challenge to the rule itself, but to what plaintiffs believe is an implicit "premise" in the rule, which is that the EPA is attempting to override a *statutory* provision in EPCRA that provides a reporting exemption any time a "hazardous chemical" is used in "routine agricultural operations."  Dkt. #1 at ¶¶22-26; 42 U.S.C. § 11021(e)(5).  Plaintiffs did not include a claim challenging the regulation promulgated under CERCLA.  On February 12, the Dairy Business Association filed an unopposed motion to intervene, dkt. #9, which I granted.  Dkt. #12.

On February 19, the council filed a motion with the court of appeals to withdraw its petition on the ground that it believes that "jurisdiction as to the EPCRA action lies, in the first instance, with a federal district court, rather than in the U.S. Court of Appeals."  Dkt. #14-5.  In its motion, the council stated that counsel for the EPA was "contacted but was not in a position to state whether EPA will oppose this motion."  Id.  On February 23, the court of appeals (acting through the clerk of court) granted the council's motion.  On March 5, the EPA filed a response to the council's motion, arguing that it was prematurely granted because all challenges to the rulemaking should be heard by the court of appeals.  Dkt. #14-6, ¶6; National Pork Producers Council v. Environmental Protection Agency, No. 09-1034.  According to the court of appeals' electronic docket, that court has not taken action on the

EPA's response.

On March 16, the council filed another petition in the court of appeals. <u>National Pork Producers Council v. Environmental Protection Agency</u>, No. 09-1104; the court consolidated that petition with case no. 09-1017. (The parties did not file a copy of the petition in this court or otherwise discuss the nature of the new filing except that the council calls it "a protective petition." Dkt. #33.) On March 23, the council filed a motion in the consolidated cases to stay briefing on the challenges to the "EPCRA rule" until the court of appeals determined whether it had jurisdiction to review those challenges. <u>Id.</u> Further, the council argued that the court of appeals should conclude that it does not have jurisdiction "because Congress did not provide for direct review of this sort of EPCRA rule in the U.S. Court of Appeals." <u>Id.</u> In its response to that motion, the EPA did not oppose a stay on briefing the merits, but argued that the court could exercise jurisdiction over the challenges to both rules on the ground that 42 U.S.C. § 9613(a) provided jurisdiction to consider "the CERCLA portion of the Final Rule," which means that the court has ancillary jurisdiction over "the EPCRA portion of the Final Rule." Dkt. #34-3. The council's motion is pending before the court of appeals.

Meanwhile, the parties have been litigating in this court with gusto. On March 3, defendant filed a motion to dismiss the case or, in the alternative, to transfer it to the Court of Appeals for the District of Columbia Circuit "so that all claims related to the same

rulemaking may be adjudicated in the court designated by Congress to address such disputes." Dkt. #14, at 1.  Two weeks later, plaintiffs filed a motion for summary judgment on the merits of Count I of the complaint, dkt. #21; the magistrate judge stayed briefing on the motion pending resolution of defendant's motion.

In their brief in opposition to defendant's motion to dismiss, one of plaintiffs' arguments was that the court of appeals could not exercise jurisdiction over Count I of the complaint because it was not a direct challenge to a regulation and would require factfinding the court of appeals is not equipped to perform.  In her reply brief, defendant argued for the first time that *no* court has jurisdiction over Count I of the complaint because plaintiffs lack standing, the claim is not ripe and it is not a challenge to a "final agency action" within the meaning of 5 U.S.C. § 704.  (In the alternative, defendant argued that the court of appeals should consider Count I as well.)  Plaintiffs filed a motion to file a surreply so that they could respond to the new argument, dkt. #35; the magistrate judge denied that motion, but allowed the parties to brief separately the issue of Count I's justiciability.  Dkt. #37.

Complications continued.  On the same day that plaintiffs filed their response brief on the Count I question, they filed an amended complaint, without explanation.  Dkt. #44. (Because defendant filed a motion to dismiss in lieu of an answer, plaintiffs did not need leave of court to file an amended complaint. Fed. R. Civ. P. 15(a)(1)(A); Duda v. Franklin Park Public School Dist., 84, 133 F.3d 1054 (7th Cir. 1998).)  Although the amended

5

complaint did not appear to add or subtract any claims, it added new allegations and new plaintiffs, Babcock Genetics, Inc. and Maize-N-Bacon, Inc. Plaintiffs' amended complaint mooted defendants' motions to dismiss, <u>Massey v. Helman</u>, 196 F.3d 727, 735 (7th Cir. 1999), requiring defendant to file a renewed motion and to seek additional time to respond. Dkt. ##47, 49. Finally, on May 14, briefing on defendant's motions concluded, approximately 40 days past schedule.

This brings us to the present. Unfortunately, having now reviewed the parties' briefs and the procedural history of the case, I conclude that it would be imprudent to rule on defendants' motion at this time. A key question raised by that motion is whether the Court of Appeals for District of Columbia Circuit has jurisdiction to hear the claims in this case by virtue of 42 U.S.C. § 9613(a), which gives that court exclusive jurisdiction over "[r]eview of any regulation promulgated under" CERCLA. Defendant acknowledges that plaintiffs are not explicitly challenging "the CERCLA portion" of the rulemaking and that challenges to a regulation promulgated under EPCRA are not required to be filed in the court of appeals. However, defendant argues that plaintiffs' claims can and must be decided by that court because they are so intertwined with the challenge that *is* proceeding under § 9613(a). Defendant cites cases such as <u>Suburban O'Hare Commission v. Dole</u>, 787 F.2d 186, 192 (7th Cir. 1986), in which the court held: "When an agency decision has two distinct bases, one of which provides for exclusive jurisdiction in the courts of appeals, the entire decision

6

is reviewable exclusively in the appellate court."   Plaintiffs argue that the reasoning of

<u>Suburban O'Hare Commission</u> is not applicable in this case because *none* of their claims rest

on a challenge to a decision that is reviewable only in the court of appeals.

The problem with resolving the parties' dispute now is that it seems that the Court

of Appeals for the District of Columbia Circuit is considering the identical question as a

result of the council's "protective petition."  Although I cannot determine exactly the extent

to which plaintiffs' claims in this case overlap with the issues before the court of appeals, the

parties agree that the court is being asked to decide whether it may consider the challenges

to the rule promulgated under EPCRA.  If this court were to decide the matter one way and

the court of appeals the other, it could create judicial friction (if both courts asserted

jurisdiction over the same claims) or leave plaintiffs without a forum (if neither court

accepted jurisdiction).  As a matter of respect and common sense, the court of appeals should

have the opportunity in the first instance to determine the scope of its own jurisdiction.

Accordingly, a decision on defendant's motion will be stayed pending a decision by the court

of appeals on the jurisdictional question.


ORDER

IT IS ORDERED that a decision on the motion to dismiss filed by defendant Lisa

Jackson, dkt. #49, is STAYED pending resolution of plaintiff National Pork Producer

7

Council's motion regarding jurisdiction before the Court of Appeals for the District of Columbia Circuit in case nos. 09-1017 and 09-1104.  Once the court of appeals has decided the motion, the council is to file a copy of the decision with this court.  After reviewing the decision, I will request additional briefing if I believe that it is needed.  If the court of appeals has not resolved the motion by July 31, 2009, the council is to submit to this court an update on the status of case nos. 09-1017 and 09-1104.

Entered this 22nd day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

8