IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONAL PORK PRODUCERS COUNCIL,
WISCONSIN PORK ASSOCIATION,
DAIRY BUSINESS ASSOCIATION, INC.,
BABCOCK GENETICS, INC. and
MAIZE-N-BACON, INC.,

OPINION and ORDER

                Plaintiffs,

09-cv-73-slc[1]

    v.

LISA P. JACKSON, Administrator,
Environmental Protection Agency,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs have moved to lift the stay of this case that I imposed on May 22, 2009 to allow the Court of Appeals for the District of Columbia Circuit to determine in the first instance whether it had jurisdiction to hear a case raising issues similar to those in this lawsuit. Dkt. #51. In both cases, parties are challenging new regulations enacted by the Environmental Protection Agency governing the requirements imposed on farms for

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current disputes.

1

reporting the presence of "hazardous substances" or "hazardous chemicals" as defined by federal law. 40 C.F.R. § 302.6(e)(3); 40 C.F.R. § 355.31(g). However, the petition in the court of appeals includes challenges to *both* § 302.6(e)(3) and § 355.31(g); plaintiffs' challenge in this court is to § 355.31(g) only.

Plaintiffs' position is that the court of appeals' jurisdiction is limited to hearing the challenge to § 302.6(e)(3), which was enacted under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601-75. Under 42 U.S.C. § 9613(a), the court of appeals has exclusive jurisdiction over "[r]eview of any regulation promulgated under" CERCLA. Section 355.31(g) was enacted under the Emergency Planning and Community Right to Know Act, 42 U.S.C. §§ 11001-50. Although EPCRA does not include a provision giving the court of appeals jurisdiction over challenges to EPCRA regulations, defendant contends that plaintiffs' claims can and must be decided by that court because they are so intertwined with the challenge to § 302.6(e)(3) that *is* proceeding under § 9613(a). Dkt. #14, at 7-10 (citing Suburban O'Hare Commission v. Dole, 787 F.2d 186, 192 (7th Cir. 1986) ("When an agency decision has two distinct bases, one of which provides for exclusive jurisdiction in the courts of appeals, the entire decision is reviewable exclusively in the appellate court.")).

After I issued the May 22 order, the Court of Appeals for the District of Columbia decided not to expedite the jurisdictional question. Instead, the court directed the parties

2

to include any arguments regarding jurisdiction in their briefs on the merits. Dkt. #53, exh. 1. That briefing will not be completed until December 21, 2009. Dkt. #57, exh. 1. Although oral argument has not been scheduled, plaintiffs predict without contradiction from defendant that it will likely be held in the spring of 2010, with a decision to follow three to nine months later. Dkt. #53, at 3.

When I issued the stay, defendant's motion to dismiss all four counts of plaintiffs' complaint was pending. Three counts (II-IV) of the complaint challenge § 355.31(g), which requires farms over a certain size to report the release of hazardous chemicals from animal waste into the air. Count I is not a challenge to the rule itself, but to what plaintiffs believe is an implicit "premise" in the rule, that the EPA is attempting to override a *statutory* provision in EPCRA that provides a reporting exemption any time a "hazardous chemical" is used in "routine agricultural operations." Dkt. #44 at ¶¶31-35; 42 U.S.C. § 11021(e)(5). In her motion to dismiss, defendant argued that Count I was not justiciable and that all of the counts should be resolved by the court of appeals.

Plaintiffs' request to lift the stay is limited to count I of their complaint. Plaintiffs offer two reasons for lifting the stay: "(a) the issues in Count I will not be presented to the D.C. Circuit at all, and (b) the D.C. Circuit cannot reasonably be anticipated to determine whether it has jurisdiction to review challenges to the EPCRA regulations until roughly one year from now." Dkt. #53, at 3. In the order imposing the stay, I assumed that plaintiffs

were asserting the same claims in this court and in the court of appeals. (Plaintiffs did not submit a copy of the petition filed that the National Pork Producers Council filed with the court of appeals.) It seems that assumption was mistaken. Plaintiffs represent that "Count I is not part of the pending petition for review in the D.C. Circuit." Dkt. #55, at 3. Although defendant argues that count I "arises out of the same set of operative facts" as counts II-IV, she seems to agree with plaintiffs that count I is not part of the petition when she says that "Plaintiffs *should* raise [Count I] to the Court of Appeals." Dkt. #54, at 5 n.2 (emphasis added).

Because count I is not part of the proceedings before the court of appeals, I see no reason to delay the case as to that part of the complaint. I will turn to defendant's motion to dismiss.

Plaintiffs' claim under count I relies on 42 U.S.C. § 11021(e), which lists a number of exemptions to the general rule that the owner of a "facility" must report the release of a "hazardous chemical" into the air. 42 U.S.C. § 11004(a). Under § 11021(e)(5), the definition of "hazardous chemical" does *not* include "[a]ny substance to the extent it is used in routine agricultural operations." Plaintiffs seek a declaration that "(a) farms that use substances (such as animal wastes) only for routine agricultural operations are exempt from emergency reporting pursuant to Section 304 of EPCRA; and (b) each of the [plaintiffs] currently possesses chemicals only for use in 'routine agricultural operations' and therefore

4

has no obligation to report releases pursuant to EPCRA section 304." Am. Cpt. ¶35, dkt. #44.

The primary question raised by defendant's motion to dismiss as it relates to count I is whether a justiciable controversy exists regarding either issue for which plaintiffs seek a declaration. I agree with defendant that the answer is "no." The first declaration plaintiffs seek is simply a restatement of the exemption in § 11021(e)(5). A judicial ruling would add nothing that is not plain from the statute itself. The second request is not ripe for review because plaintiffs have failed to point to any actions taken by defendant that would suggest that a declaration is needed.

The test for determining whether a party may obtain declaratory relief is necessarily a general one: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007). In other words, "[c]ases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." Hinrichs v. Whitburn, 975 F.2d 1329, 1333 (7th Cir. 1992).

Plaintiffs say that the EPA has created a case or controversy through language that it used in the preamble to the rule that became 40 C.F.R. § 355.31(g). In particular, plaintiffs cite the following sentence: "Owners and operators of farms, like all other facilities,

5

are required to report the release of hazardous substances into the environment in accordance with CERCLA section 103 and EPCRA section 304 when it meets or exceeds the RQ of the hazardous substance." 73 Fed. Reg. 76,951. According to plaintiffs, in this sentence the EPA has expressed its intent to disregard the reporting exemption for "routine agricultural operations" in § 11021(e)(5) because it suggests that farms are "like all other facilities" that must report.

I cannot agree with plaintiffs' view. As defendant points out, it is the rare instance in which a preamble statement creates a justiciable controversy. National Resources Defense Council v. EPA, 559 F.3d 561, 564-65 (DC Cir. 2009) ("While preamble statements may in some unique cases constitute binding, final agency action susceptible to judicial review, this is not the norm.") This case does not represent the exception to the rule. To begin with, plaintiffs do not seem to appreciate how remarkable their position is. In essence, plaintiffs are predicting that the EPA will flagrantly disregard the plain language of a statute, without any explanation for doing so. Plaintiffs cite no other example in which the EPA engaged in such an abuse of authority. I am not willing to assume it is going to start now.

Plaintiffs' assumption of a threat is unpersuasive for a simple reason: the preamble they cite says nothing about the scope or interpretation of the exemption for "routine agricultural operations." Plaintiffs point to a phrase in the preamble that farms are subject to the requirements of the CERCLA and EPCRA "like all other facilities." But just what is

6

surprising or threatening about that statement? If farms previously had been excluded from EPCRA's definition of "facility," 42 U.S.C. § 11049(4), defendant's statement might signal a change in policy. However, plaintiffs do not challenge defendant's view that farms *are* "facilities" and always have been, so plaintiffs cannot contend that defendant is switching gears in this regard.

Plaintiffs' view is that farms are not subject to reporting requirements because farms engage in "routine agricultural operations" within the meaning of the exemption under § 11021(e)(5). The problem with respect to justiciability is that plaintiffs point to nothing in the preamble that challenges this understanding. In fact, the sentence plaintiffs cite suggests the opposite: "Owners and operators of farms . . . are required to report the release of hazardous substances into the environment *in accordance with . . . EPCRA section 304*." 73 Fed. Reg. 76,951 (emphasis added). The italicized phrase is key because § 11021(e)(5) is *part* of EPCRA and limits the requirement in § 11004 (section 304) for reporting the release of hazardous chemicals. 42 U.S.C. § 11049(5) (adopting definition of "hazardous chemical" in § 11021(e)(5) for all of EPCRA). Thus, defendant's statement in the preamble stands for the banal proposition that owners of farms must follow the law, its requirements *and* its exemptions. Defendant is not taking a position in the preamble regarding the proper interpretation of that law.

This is not to say that each of the plaintiffs is exempt from EPCRA reporting

7

requirements. It may well be that one or more of the plaintiffs is required to report because it releases hazardous chemicals as part of something other than routine agricultural operations. The point is that the answer to any questions about the application of the exemption is the same today as it was before defendant issued the preamble statement. Plaintiffs fail to identify anything in the preamble that would increase the likelihood that any one of them will be charged with violating a reporting requirement. Because that is plaintiffs' only basis for seeking a declaration that they are in compliance with § 11021(e)(5), I must dismiss their complaint as to count I.

The legal landscape for the remainder of plaintiffs' complaint is the same as it was when I issued the stay. The parties agree that the issues raised in counts II-IV will be decided by the Court of Appeals for the District of Columbia Circuit *if* that court ultimately concludes that it has jurisdiction over those claims. I adhere to my conclusion in the May 22 order: "As a matter of respect and common sense, the court of appeals should have the opportunity in the first instance to determine the scope of its own jurisdiction." Accordingly, I decline to resolve the jurisdictional disputes regarding the remaining counts of the complaint. However, because a decision from the court of appeals may be many months away, it makes little sense to continue the stay indefinitely. Instead, I will close the case administratively, subject to immediate reopening if the court of appeals declines to exercise jurisdiction over any of the remaining disputes in this case.

ORDER

IT IS ORDERED that

1. The motion to lift the stay as to count I of the complaint filed by plaintiffs National Pork Producers Council, Wisconsin Pork Association, Dairy Business Association, Inc., Babcock Genetics, Inc. and Maize-n-Bacon, Inc, dkt. #53, is GRANTED.

2. Defendant Lisa P. Jackson's motion to dismiss. dkt. #49, is GRANTED as to count I of plaintiffs' complaint because that claim is not justiciable.

3. Because the Court of Appeals for the District of Columbia Circuit may resolve all of the remaining issues between the parties and make any further proceedings in this court unnecessary, the clerk of court is directed to close the case administratively. In the event the court of appeals does not resolve all of the issues, the case will be reopened immediately upon motion of any party, with the parties retaining all rights they would have had if the case had not been closed for administrative purposes.

Entered this 23d day of July, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge